Mr. Don Zimmerman Chairman, Board of Trustees Arkansas Public Employees Retirement System One Union National Plaza 124 West Capitol, Suite 400 Little Rock, Arkansas 72201
Dear. Mr. Zimmerman:
I am writing in response to your request for an opinion concerning voting procedures of the Board of Trustees for the Arkansas Public Employees Retirement System ("APERS"). As background for your question, you report the following:
 At the last board meeting, a resolution concerning one of APERS's investment managers was introduced. That resolution originally garnered four votes in its favor and three against it, with one abstention. At that point, the Board Chair voted in favor of the resolution, giving it the required five votes for passage.
You further state: "Although the Board Chair historically has only voted in cases of tie votes, APERS's rules and regulations are silent as to when the Board Chair may vote and the Board has not formally adoptedRobert's Rules of Order for its procedural guidelines."
Your specific question is "whether the Chairman of the APERS Board of Trustees was eligible to vote on the resolution in question under the circumstances described." *Page 2 
RESPONSE
In my opinion, the Chairman was eligible to vote on the resolution.
APERS is administered by a Board of Trustees (hereinafter "Board") consisting of nine members. A.C.A. § 24-4-104(a) and (b) (Repl. 2000). The Chairman of the Board is selected by the Board pursuant to subsection 24-4-104(d)(1): "Annually, the board shall select from itsmembership a chairman and a vice chairman." (Emphasis added). With regard, specifically, to voting requirements applicable to the Board, A.C.A. § 24-4-105 provides in relevant part:
 Five (5) trustees shall constitute a quorum at any meeting of the board, and at least five (5) concurring votes shall be necessary for a decision by the board at any of its meetings.
Id. at (a)(3) (Repl. 2000) (emphasis added).
In my opinion, the above statutes are probably alone sufficient to establish the Board Chair's authority to vote on the resolution. The Chairman plainly is a "trustee" by virtue of his selection from the Board's "membership." A.C.A. § 24-4-104(d)(1). Accordingly, it would seem that the Chairman may vote along with other Board members to meet A.C.A. § 24-4-105's five (5)-vote requirement. Compare A.C.A. § 24-4-104(d)(2) (requiring the appointment of an executive director "who shall be . . . ex officio secretary of the board, but who shall have no vote on questions before the board. . . ." (Emphasis added.)
With regard to Robert's Rules of Order, which you have referenced by way of background information, I believe it bears noting thatRobert's Rules recognizes a presiding officer's right to vote where the officer is a member of the voting body. Robert's Rules of OrderNewly Revised (10th ed.), p. 50, 1. 30-32 (Perseus Publishing, 2000) ("If the presiding officer is a member of the assembly or voting body, he has the same voting right as any other member.") (Emphasis original.) Robert's Rules goes on to state that "[e]xcept in asmall board or committee, . . . the chair protects his impartial position by exercising his voting right only when his vote would affect the outcome, in which case he can either vote and thereby change the result, or he can abstain." Id. at 32-35 p. 51, 1. 1-2 (emphasis added.) This suggests that in the case of a small board such as the APERS Board, the Chairman may vote as any other member and is not limited to voting when his vote would affect the result. Regardless of the size of the board, however, a *Page 3 
presiding officer who is a member of the board has a right to vote, according to Robert's Rules, when his vote will affect the result.Id. See also id., p. 392, 1. 20-23.[1] Therefore, even assuming the applicability of Robert's Rules, the Chairman of APERS was eligible in any event to vote on the resolution, in my opinion.[2]
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:EAW/cyh
[1] You have mentioned that historically the APERS Chair has voted in cases of tie votes, but it should be noted that a tie vote is not the only circumstances in which a vote by the Chair can affect the result. The Chair's vote can also affect the outcome when a supermajority,e.g., two-thirds vote is required for passage. Robert'sRules, supra, p. 392, 1. 20-25 (discussing cases in which the presiding officer's vote affects the result: "[H]e can vote either to break or to cause a tie; or, in a case where a two-thirds vote is required, he can vote either to cause or to block the attainment of the necessary two thirds.").
[2] Regarding Robert's Rules, it should be recognized that while some state boards use these rules of parliamentary procedure as a guideline, there is no general statute requiring their use. AccordBoard Members' Handbook 19 (March 1, 2003) (available athttp://ag.arkansas.gov). See also Model Rules of Procedure forRegulatory and Licensing Agencies 4 (May 17, 2002) (suggesting a format for a state agency's general organization, also available athttp://ag.arkansas.gov).